J-S44043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DMITRY KUPERSHMIDT, | : | |
| | : | |
| Appellant | : | No. 2261 EDA 2015 |

Appeal from the Order June 12, 2015
in the Court of Common Pleas of Pike County,
Criminal Division, No(s):  CP-52-CR-0000423-2014

BEFORE:  FORD ELLIOTT, P.J.E., STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:               **FILED JULY 08, 2016**

Dmitry Kupershmidt ("Kupershmidt") appeals from the Order denying his Motion for Bail Modification.  We affirm.

The trial court set forth the relevant factual and procedural history as follows:

> The Commonwealth filed a [C]riminal [Complaint] on [or about May 20], 2014, charging [Kupershmidt] with nine (9) counts of Forgery, [nine] (9) counts of Identity Theft, one [(1)] count of Criminal use of a Communication Facility, sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa.C.S.[A.] § 4101(a)(2), sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa.C.S.[A.] § 4120(a), one count of Criminal Conspiracy pursuant to 18 Pa.C.S.[A.] § 4101(a)(2), one count of Criminal Conspiracy pursuant to 18 Pa.C.S.[A.] § 4120(a), eight (8) counts of Tampering with Records or Identification, sixty-one (61) counts of Criminal Attempt pursuant to 18 Pa.C.S.[A.] § 4104(a), and one (1) count of Criminal Conspiracy pursuant to 18 Pa.C.S.[A.] § 4104(a), all relating to the election of officers for the Wild Acres Lakes Property Owners Association ("WALPOA").
>
> Bail was initially granted by Magisterial District Judge Alan Cooper in the amount of $40,000 on May 23, 201[4], including

the non-monetary condition that [Kupershmidt] refrain from any verbal, written and/or physical contact with ["]the alleged victim, directly [and/]or indirectly.["] [Kupershmidt] posted the entire monetary bail in cash on the same day. [Kupershmidt's] bail [O]rder was subsequently modified by Order dated July 23, 2014, to specify that [Kupershmidt] have no contact with Robert De[P]aolis ["DePaolis"] (a witness for the Commonwealth),[1] no contact with SOS Property Owners,[2] no contact with current or former WALPOA Board members except for participation in legal proceedings, and prohibiting [Kupershmidt] from entering the Conashaugh Lakes Community.[3]

[Kupershmidt] filed a Motion for Bail Modification ("the Motion") on May 28, 2015, claiming financial hardship, that the non-monetary conditions prevent him from contact with his friends living in the Wild Acres Lakes Community, and that he did not present a significant flight risk due to his strong ties to the local community. Following a hearing, the [trial c]ourt denied [Kupershmidt's] request by an Order filed on June 12, 2015.

The present appeal followed timely.

---

[1] DePaolis is the Director of Operations for WALPOA. **See** N.T. (preliminary hearing), 7/23/14, at 5. According to the Criminal Complaint, Kupershmidt, who was the chairman of the WALPOA Board of Directors, and his co-defendant, Myron Cowher ("Cowher"), who was the secretary of the WALPOA Board of Directors, conspired to influence DePaolis to provide Cowher with the ballots of 62 WALPOA property owners for an upcoming election of WALPOA Board members, in order to falsify the ballots to ensure that certain candidates secured a place on the WALPOA Board of Directors, while others did not. **See** Criminal Complaint, 5/20/14, at 2-11; **see also** Affidavit of Probable Cause, 5/20/14, at 1.

[2] The "SOS Property Owners" consist of those individuals who own unbuildable lots in the Delaware sewer district located in the community of Wild Acres Lakes. **See** N.T. (preliminary hearing), 7/23/14, at 7-8. The 62 ballots which Cowher obtained from DePaolis were those of the SOS Property Owners. **See id**. at 10.

[3] Conashaugh Lakes Community is the neighborhood in which DePaolis resides. **See** N.T. (preliminary hearing), 7/23/14, at 91-92.

Trial Court Opinion, 9/1/15, at 1-2 (footnotes added).[4]

On appeal, Kupershmidt raises the following issue for our review: "Whether, where [Kupershmidt] has no prior record or history of witness intimidation and is currently charged with a non-violent offense, the lower court erred, in violation of [Kupershmidt's] First Amendment rights, when it [forbade] him [from having] contact, as a bail condition, with thousands of individuals?" Brief for Appellant at 7.

Kupershmidt contends that the no-contact provision, imposed by the trial court as a bail condition, is not permitted under the Pennsylvania Rules of Criminal Procedure, is not narrowly tailored, and is excessive. *Id*. at 12. Kupershmidt asserts that "the lower court named the entire Wild Acres [Lakes] Community as the victim in this matter." *Id*. at 13. Kupershmidt claims that the only potential victims in this case are the members of the Wild Acres Lakes Board and the individuals who had their ballots stolen, and that the bail condition forbidding him from having any contact with the thousands of individuals in the community of Wild Acres Lakes is particularly burdensome. *Id*. Kupershmidt argues that the "vast number of individuals with whom he is forbidden contact are not victims or witnesses." *Id*. Kupershmidt contends the bail condition prevents him from living happily in the community of Wild Acres Lakes, and that, as a result of the condition, he has had to move back to New York. *Id*. Kupershmidt contends that the bail

[4] In its Opinion, the trial court incorrectly indicated that its Order was entered on June 12, 2014, when, in fact, it was entered on June 12, 2015.

condition infringes on his rights to freedom of speech and association, as guaranteed under the First Amendment of the United States Constitution. *Id*. Kupershmidt asserts that there is no sufficiently important government interest at issue to justify the bail condition imposed. *Id*. at 14.[5]

The trial court set forth the relevant law, addressed Kupershmidt's issue, and determined that it lacks merit.[6] *See* Trial Court Opinion, 9/1/15, at 4-6. We agree with the reasoning of the trial court and discern no abuse of discretion. *See id*. Accordingly, we affirm the trial court's Order.

Order affirmed.

---

[5] Several of the arguments that Kupershmidt raises in support of his claim constitute separate issues that were not identified in Kupershmidt's Statement of the Questions Presented, nor did Kupershmidt include a separate argument in his brief regarding these separate issues. *See* Pa.R.A.P. 2116 (providing that "[n]o question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."); *see also* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part … the particular point to be treated therein."). Additionally, Kupershmidt's argument is woefully underdeveloped. *See* Pa.R.A.P. 2119(a) (stating that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent"). Nevertheless, because the trial court addressed Kupershmidt's claims, we will address the issues raised by Kupershmidt on appeal.

[6] Kupershmidt incorrectly claims that, pursuant to the non-monetary bail conditions imposed by the magistrate, he is prevented from having any contact with *all* residents in the Wild Acres Lakes community. Rather, pursuant to the bail Order, as modified on July 23, 2014, the non-monetary conditions of Kupershmidt's bail are that he have no contact with DePaolis, SOS Property Owners, current or former WALPOA Board members, and that he not enter into DePaolis's neighborhood.

J-S44043-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/8/2016